MAMADOU NDOM
220 - 13TH STREET
Vallejo, CA 94590

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

**MAMADOU NDOM.**
(*Pro se*)
    Petitioner

VS.

Robert S. Muller III, Department of Justice, in his official capacity as Director of FBI.
Michael A. Cannon, Department of Justice, in his official capacity as Director of NNCP.
Jonathan Scharfen, in his official capacity as Acting Director of USCIS.
Evelyn Upchurch, in her official capacity as Director of USCIS / Texas Service Center.
Michael Chertoff, in his official capacity as Secretary of Department of Homeland Security.
Michael B. Mukasey, in his official capacity as United States Attorney General.

    Respondent

**Case No**

**08-3551**
**JCS**

FILED
08 AUG -1 PM 3:24
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## I. Pursuant to Rule 7-1(b) of the Federal Rules of Civil procedure:

I am respectfully requesting the court to decide the matter on a brief and without any oral argument.

## II. Pursuant to Rule 56 of the Federal Rules of Civil Procedure and this court's local rules, attached GENERAL ORDER No 61:

I, Pro se plaintiff move immediately the court for summary judgment with regards to the Declaratory Judgment and Injunctive Relief portions of Plaintiff's complaint (A, B, C, and D). In the interest of conserving the court's **time**, **energy**, **money** and other **resources**, the accompanying memorandum combines Plaintiff's reasons supporting this motion with Plaintiff's opposition to any possible Defendant's Motion for Summary Judgment.

- 1 -

# A. MOTION FOR SUMMARY JUDGMENT:

1. In conjunction with 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1361 (mandamus jurisdiction), the federal courts possess the necessary jurisdiction to entertain actions brought by private individuals against the U.S. Government to compel the government to adjudicate the application before it within a more reasonable timeframe.

2. Because compelling agency action is an extraordinary remedy regardless of the statute from which the remedy derives, relief is appropriate, and jurisdiction lies, when the plaintiff can establish "a clear right to the relief sought, a clear duty by the defendant to do the particular act, and that no other adequate remedy is available.

3. Basically, where the government provides a fee-based service, the payment of such fees by a private individual imposes a duty upon the government to provide the service(s) promised within a reasonable period of time. Of course, whether the delay is reasonable or not depends on the context of the benefit requested.

4. Also, compelling factors related to an individual applicant's circumstances may sway a federal court in favor of entering an order against the government. Generally, anything more than two years' delay on an adjustment of status application is real unreasonable delay enough to bring a mandamus action and the APA Act on such applications.

5. I am subject to indefinite delays, no one can justify, and with no other available remedy, except waiting indefinitely. Such manners of conducting business are unlawful, unjust and senseless. I am an Alien who has been approved for asylum and I already underwent to the appropriate security and FBI background checks associated with grant of asylum, before the Asylum office and before the immigration judge.

6. I never committed any crime and have never been in trouble with the Law.

7. I requested in many occasions for a FOIA (Freedom of Information Act) from the FBI, they replied with a "no record found

8. The FBI has already performed a name profile / identity check on my application in response to my FOIPA request, and returned a "No Record" response. Nevertheless, the delay here has been nearly 2.5 years. FBI's Records Management Division, describes a "No Record" response as follows: A 'No Record' indicates that the FBI's Central Records System contains no identifiable information regarding this individual. By agreement with State, partially due to our concern about the time factors in approving most visa requests a 'No Record' equates to a No Objection to the issuance of a visa. The substantive investigative divisions in the FBI . . . do not review visa requests where there is no record of the individual.

9. I have produced enough evidences of delay attributable to my application, and there is no evidence of unusual complexity in my adjustment applications, there is no evidence that higher priorities necessitated delay exceeding 2.5 years, and no evidence that any efforts had been made by the defendants to expedite or process my application at any point during the delay.

10. Congress has not established a mandatory time frame for the **USCIS** to complete the adjudication, Congress sets a normative expectation in 'The Immigration Services and Infrastructure Improvements Act of 2000' of a reasonable processing time for an immigrant benefit application as no more than 180 days after initial application.

11. Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact; I am entitled to judgment as a matter of Law. There is no genuine issue of material fact for trial.

12. The FBI & USCIS have never indicated when they expect my name check to be completed and the applications to be adjudicated. For the Court to reject my complaint or the motion of summary judgment would strip me of any meaningful relief. The matter would in all likelihood continue to languish for years more and more. The delay is simply unreasonable, that lack of inaction has caused major hardship on me on my family, and how this inaction has impacted my life as a whole.

13. The February 4, 2008 USCIS memorandum, "Revised National Security Adjudication and Reporting Requirements," The language of the memo acknowledges USCIS' understanding of its duty to adjudicate certain applications, even in instances where the name check is not complete. While the agency has an independent duty to adjudicate applications under the INA, its implementing

regulations and the APA, the February 4, 2008 memo provides additional evidence of USCIS' recognition of this duty. . The memo states that USCIS shall immediately approve certain applications, including adjustment applications, if the application is otherwise approvable and an FBI name check request has been pending for 180 days. This stated agency policy recognizes a duty to complete certain applications within a certain time period. The USCIS' policy outlined in the memo reflects USCIS' intention to adjudicate certain applications within 180 days from the date that a name check request is received by the FBI. The memo provides that the USCIS adjudicator "shall approve" the pending application and "shall proceed" to issue the appropriate card 180 days after the request is received. The language of the memo acknowledges USCIS. The memo provides additional evidence of USCIS' recognition of this duty.

14. If USCIS can waive any interview for any purpose, if USCIS can speed up any application as they choose to, I believe that USCIS' recognition of its duty to adjudicate any application as they feel like it.
15. Therefore USCIS inaction and the FBI failure to conduct its assigned duties under the Law are the hold up on my case.

16. Their inaction constituted a refusal to conduct a lawful and mandatory duty assigned to them under the Law to their obligation.

17. The current FBI name check program only allows a very few applicants to "pass" at the
18. expense of another applicant who will be moved several spaces backward (without notice), generating an indefinite backlog. I strongly feel that I deserve relief that will promptly lead to adjudication of my petition.

19. Defendants only point to general policies and procedures within the FBI and USCIS to indicate that my applications will be adjudicated according to standard protocol, performing so-called additional reviews on the case has caused a longer indefinite processing delay. However, general references to the procedure by which USCIS works in conjunction with the FBI do nothing to reconcile the significant discrepancy as applied to my personal application.
20. No one should accept the argument that, simply because adjustment of status is a form of discretionary relief, there is no limit to the length of time the USCIS may take processing applications. The duty to act is no duty at all if the deadline is eternity and if the deadline and uncertainty.

21. Defendants hide behind the guise of governmental deference or national security each time its policies or procedures are questioned without a specific and compelling justification otherwise. "National security must be considered a competing priority of the highest order.

22. The invocation of national security is not enough to render an agency delay reasonable. There is no facts specific to my' name check. "What constitutes an unreasonable delay in the context of Immigration applications depends to great extent on the facts of the particular case, such mine.

23. (1) The time agencies take to make decisions is not governed by a "rule of reason"
24. (2) Congress has never provided a timetable or other indication that 4 to 8 years delay would be reasonable, rather a normative expectation in 'The Immigration Services and Infrastructure Improvements Act of 2000' of a reasonable processing time for an immigrant benefit application as no more than 180 days after initial application.
25. (3) The delay in my specific case is not in the sphere of economic regulation, human health related grounds and neither welfare issues.

26. All the relevant facts and issues of law closely overlap. A proposed order consistent with this motion should immediately apply. The motion for summary judgment be immediately GRANTED IN FULL because the reasons that "USCIS Name Check" requirement has (1) never been authorized by Congress; (2) is not mentioned or contemplated by any fair reading of the current USCIS regulations; and (3) may not, without USCIS initiating notice and comment.

27. I stated a claim that is clear and I proved several set of facts consistent
28. With the statements of my complaint that would entitle me to relief as a matter of Law. I am praying for the Court to construe the complaint in my favor and accept as true all well-pleaded facts, as they genuinely remain truthful.

29. My claim arises under the Constitution, laws of the United States (see 28 U.S.C. § 1331) and the APA Act. This should be referred to as "federal question jurisdiction." The presiding Judge should respond by granting in full my motion of summary judgment and by denying any future motion from the attorney representing the government or striking it from the record; such attempt from the attorney representing the government should be found to be without legal merit. Further, I have delineated the specific remedy which I seek

30. The facts surrounding my case remain highly undeniable. I would not ask the court to do something out of its discretion, but I am asking the court to raise and apply the level of judiciary jurisdiction matter to compel those (USCIS &FBI) who should and require to act under the Law and those

who should and require to make a decision under the Law; and are totally abstaining from doing it. The delays caused by the FBI are not justifiable, due the fact that 2.5 years is just unreasonable. My requests include "compelling reasons" such as critical medical conditions of my mother, exhausting all remedies. Unable to refine my house loan (I bought my house before the Real Id act, and the Real id act 2005, any loan process require a submission of a permanent resident card. I'm banned from possessing some certification and permits without LPR such as a gun permit, 832-PC and I am a manager in the security business, their failure of adjudicating my petition limit my possibility of advancement, expose me to the risks of stepping down or losing my job, THEREFORE my livelihood.

31. My application to become permanent resident of the United States is pending before USCIS for *nearly 2.5 years*.

32. I am waiting and will continue to wait for a significant amount of time for a decision on my AOS application. My status in the United States has been and will continue to be uncertain. I could not plan ahead because I have not known and do not know when I become a permanent resident.

33. I have lost a significant work time while pursuing my adjustment of status application, making inquiries with USCIS, meeting with lawyers, applying for yearly work authorization renewals, reporting for fingerprinting, and otherwise pursuing the delayed permanent residency.

34. I have to obtain yearly work authorization permits while his AOS application is pending. This results in significant out-of-pocket expenses (EAD renewal cost is $340/year and I have already applied for many of them), including attorneys' fees, inconvenience, and loss of wages.

35. Some universities and colleges consider a person without a permanent residency to be an out-of-state resident and hence charge him or her out-

of-state tuition. Due to that I could not proceed with my educational plans.

36. Due to delays in adjudication of Petitioner's permanent residency application, Petitioner's naturalization (to become a U.S. Citizen) has been delayed. Therefore Respondents' unreasonable delay in adjudicating AOS application deprived Petitioner for longer time of citizenship benefits like a right to vote and fully participate in our democracy; receive a United States passport; travel freely into and out of the United States; hold a job that is restricted to United States citizens; run for public office. Also Petitioner has been and will continue to be unable to petition for his family members to immigrate to the United States as immediate relatives.

37. Petitioner rights to due process of law and equal protection under the Fifth Amendment to the United States Constitution have been and are being violated and will continue to be violated by Defendants' failures as described herein.

38. Defendant USCIS' conduct in failing to process Petitioner's application and adjudicate his case in a reasonably timely manner has caused unnecessary and injurious delays to Petitioner, in violation of his rights.

39. I have exhausted all administrative remedies available and have determined that no adequate remedy exists.

**Count I.**
**Mandamus Action**

**28 U.S.C. § 1651, 28 USC § 1361, 8 C.F.R. §103.2(b)(19) and 8 C.F.R. §245.2(a)(5)(i)**

1. Petitioner incorporates all allegations made herein above that are pertinent to this Court.

2. Defendants are charged with the mandatory responsibility of administering and implementing the Immigration and Nationality Act.

3. Defendants bear sole responsibility for timely adjudication of AOS application and for orderly attendant procedures.

4. Defendants have failed to discharge their mandated duties.

5. As a result, Petitioner has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

6. Petitioner has exhausted all possible administrative remedies and there exists no other adequate remedy.

7. Strong humanitarian factors favor granting of Mandamus relief.

**Count II.**
**Administrative Procedures Act**
**5 U.S.C. §§ 555, 701 et seq., 8 C.F.R. §103.2(b)(19) and 8 C.F.R. §245.2(a)(5)(i)**

1. By failing to render timely decision on Petitioner's application, Defendants have violated the Administrative Procedures Act and this constitutes agency action that is arbitrary and capricious, and not in accordance with law. The Court of Appeals for DC Circuit noted that

while "[t]here is no per se rule as to how long be too long to wait for agency action ... a reasonable time for agency action is typically counted in weeks or months, not years". *In re American Rivers and Idaho Rivers*, 372 F.3d 413, 415 (D.C. Cir. 2004). The delay in this instant case is not judicially unmanageable as the USCIS failed to achieve a concrete goal – to issue a decision upon an application and violated the APA provision to do so within a reasonable time. 5 U.S.C. § 555(b). This Court has power under 5 U.S.C. § 706(1) to compel agency to perform "action unlawfully withheld or unreasonably delayed". The Defendants required by 8 C.F.R. § 103.2(b)(19) and by 8 C.F.R. § 245.2(a)(5)(i) to provide the Plaintiff a notice about the decision upon Plaintiff's application and they have failed to do so within a reasonable time.

**Count III.**
**Administrative Procedures Act**
**5 U.S.C. § 701 et seq. and 8 C.F.R. §103.2(b)(18)**

2. Petitioner incorporates all allegations made hereinabove that are pertinent to this Court.

3. The Code of Federal Regulations establishes conditions under which the adjudication of the Plaintiff's application can be withheld. The Plaintiff's application has been pending for over 2.5 years at the time of filing his complaint with the District Court. So, according to the

requirements of 8 C.F.R. § 103.2(b)(18), his application should have been reviewed twice by the USCIS district director (at 1 and 1.5 year marks), once by the USCIS regional commissioner (at 2 year mark) and once by the Associate Commissioner, Examinations, with the concurrence of the Associate Commissioner, Enforcement. There is no evidence that these procedures have been followed. Therefore, the USCIS have violated the Federal regulations and "unlawfully withheld" adjudication of the legal alien's application. Furthermore, 8 C.F.R. § 103.2(b)(18) is not part of the Subchapter II of the Chapter 12 of the INA, therefore jurisdictional bar of the INA § 242(a)(2)(B)(ii) does not preclude review of the withholding of adjudication. Thus, this Court has the power to grant a relief under 5 U.S.C. § 706(1) and to compel the USCIS to perform agency action "unlawfully withheld".

4. Defendants have failed to discharge their mandated official duties.
5. As a result, Petitioner has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

**Count IV.**
**Declaratory Judgment Act**
**28 U.S.C. § 2201, 8 C.F.R. §103.2(b)(18), 8 C.F.R. §103.2(b)(19) and 8 C.F.R. §245.2(a)(5)(i)**

1. Petitioner incorporates all allegations made hereinabove that are pertinent to this Court.

2. Petitioner contend that Defendants' actions and decisions relating to delays in AOS adjudication and attendant procedures are unconstitutional, violate the INA and the applicable regulations, and are arbitrary and capricious and seek a declaration to that effect under 28 U.S.C. § 2201.

3. Defendants have failed to discharge their mandated official duties.

4. As a result, Petitioner has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

**Count V.**
**Equal Access to Justice Act**
**5 U.S.C. § 504 and 28 U.S.C. § 2412**

1. Petitioner incorporates all allegations made hereinabove that are pertinent to this Court.

2. If prevails, Petitioner will seek filing fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

3. When a government agency acts improperly, the Court has broad discretion in designing an appropriate remedy suiting the needs of the plaintiff before it. It is clear, with no doubt that the District court has power to craft remedial action specific to a given factual situation such my case.

4. Action to compel an officer of the United States to perform his duty. The court shall have original jurisdiction of any action in the nature of mandamus

and APA Act, to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

5. In other words, federal law provides people with a legal action that can be used to compel administrative agencies (such as USCIS & the FBI) to do what they are legally *required* to do. What is USCIS "required" to do? In this specific case, and generally, they are required to adjudicate IMMIGRATION cases within a "reasonable" time.
6. Nothing in the mandamus and APA Act limits or eliminates the district court to exercise its discretion, shall be construed as precluding review the facts of constitutional claims or questions of law raised upon a petition filed with the District court in accordance with this section." 28 U.S.C. § 1331 (as amended)
7. my motion for summary judgment is clearly and indisputably correct.

8. Name Check requirement is not authorized by law or regulation, and is not necessary applications have been pending without any action, whether an approval or rejection, for lengthy periods, I contend that this inaction has been caused by unreasonable delays in the completion of the Federal Bureau of Investigation ("FBI") name check program.

9. procedures, be used to delay action on Plaintiffs petitions for Lawful Permanent Resident, particularly because Plaintiffs have already undergone a name check in order to achieve Asylee status and will clear. No genuine issue as to any material fact that is relevant to Plaintiff's motion exists. Thus, Plaintiff is fully entitled to judgment as a matter of Law I have demonstrated the presence of significant questions of law; (2) the inadequacy of other available remedies; and (3) the presence of a legal issue whose resolution will aid in the administration of justice"; (4) AND I HAVE REAL AND PRESSING NEED FOR RELIEF 2.5 years of pending process demonstrated that the agency's inaction was "clearly unreasonable."

10. There are too many important rights associated with permanent resident status to allow the rate at which these applications are processed to go entirely and indifferently unchecked by the Court, would be stripping me of the right with which I am entitled: Why is an FBI name check required for an 11 years legal resident who has already undergone at least one and often two prior name checks?

11. it is simply unacceptable to require an Asylee to wait several years for action on an adjustment of status These delays are caused by USCIS relying on the inadequately and arbitrary authorized FBI name check program, without any transparency or explanation to Plaintiffs of why their applications have been pending for many years.

12. A District court has the authority to "compel agency action unlawfully withheld or unreasonably delayed." I am invoking the remedy of mandamus and APA Act "by proving the co-existence of three elements: (1) my petitioner has shown a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available."

13. The Court has an obligation to rule on a contention that an administrative agency has not followed the dictates of the APA. I know that the Court should strictly limit its decision in these cases to carrying out the jurisdiction provided under the APA. The Court should conclude that USCIS has required FBI name checks under the mistaken Impression that it has authority, based on its own regulations, to require such checks for Lawful Permanent Resident.

14. However I maintain to ask the court to move to remand the case to USCIS for adjudication within a strict and specific timeframe that I have asked the court, which has a beyond reasonable legal right to force USCIS to implement the new policy by adjudicating my long pending case. I have demonstrated in the motion that beside 2.5 years wait is unreasonable, unjustifiable therefore unlawful, especially when USCIS is required to adjudicate application in a timely manner under the Law. I have also demonstrated all prerequisites for immediate adjudication under the new policy have been met: 1) the application is covered by the memo, e.g., it is an Application for Adjustment of Status (I-485); 2) the FBI and IBIS check have been completed and; 3) the FBI name check request has been pending for 180 days. I am also claiming with respect to the Law of the United States that the Court has subject matter jurisdiction under both the mandamus statute, 28 U.S.C. § 1361, and the federal question statute, 28 U.S.C. § 1331.$^{2}$ Under § 1361 The Administrative Procedures Act ("APA"), 5 U.S.C. § 551 *et* does not provide an independent basis for subject matter jurisdiction and 2.5 years wait is unreasonable unlawful and unjust.

15. Therefore respecting the Law to its full extend in the case should be a MUST and the respondents should agree to a stipulated remand. I want to include in the stipulated remand to USCIS an agreed-upon time period in which my application should be adjudicated by the agency. Without a timeframe for adjudication, I could experience another long delay before the agency. The homeland security office and general counsel and the attorneys representing the government should agree in order to prevail

justice, and definitely agree to a remand with a specific agreed-upon timeframe.

16. The court should remand the matter to USCIS, with strict and explicit directives so as not to strip me of effective relief. The Court should remand the matter to the USCIS but ordered the Defendants "to instruct the FBI to complete a name check on the application... within 30 days of the date of the opinion...." The Court should further "ordered that if a completed ...name check on the application... is not received by the District Director... within said 30 day period, the Defendants shall treat that failure as if They had received a completed name check from the FBI with no information that would lead to a denial..." The Court should rule that, in such case, the Defendants "shall forward a permanent resident card to the plaintiff address that USCIS has on file. For all reasons provided above, I, again the Plaintiff, respectfully request that the Court approve my Motion of summary judgment **in its entirety**.

17. WHEREFORE, I, Petitioner respectfully pray that the honorable Court grant the following relief: Assume full jurisdiction over this cause; Declare that the defendants' failure to act is illegal, arbitrary, capricious and abuse of discretion;

18. Compel Defendants and those acting under them to perform their duty to adjudicate Petitioner's application for permanent residency expeditiously and within 30 day timetable only; Grant fees and costs of court; Plaintiffs also seek costs in the amount of $936.66 for the filing fee ($350.00), $267.55 (photocopies), $134.11 (postage), $100.00 traveling cost. All costs claimed by plaintiffs in this case are recoverable under 28 U.S.C. §§ 2412

19. Grant such other and further relief this Court deems just and appropriate.

## B. Conclusion:

For the court having reviewed the motion, the responses and compliance to any requirement to federal and local rule, the exhibits and declarations, certificate of service submitted, and for all the foregoing reasons mentioned above in the motion statement, I am respectfully asking the court to enter an expedite summary judgment Order identically favorable to my prayer for relief, which is:

(1) Emergency consideration of this Motion for summary judgment with an expedited response time for Respondents to respond to this Petition and an expedited time for the Court to hear to decide the merits of this matter on a brief.

(2) Plaintiff motion of summary judgment **Granted** IN FULL.

(3) Order the Defendants to instruct the FBI to complete a name check on my application... within 30 days of the date of the opinion.

(4) Order the Defendants to forward a Permanent Resident Card to the plaintiff address that USCIS has on file within **30 days and 30 days** only of the date of the opinion.

(5) This Court to **retain jurisdiction** over the matter in the interim to ensure that the USCIS complies with this Order.

(6) **Grant** fees and costs of court; Plaintiffs also seek costs in the amount of $1,036.66 for the filing fee ($350.00), $267.55 (photocopies), $134.11 (postage), $100.00 traveling expense.  All costs claimed by plaintiffs in this case are recoverable under 28 U.S.C. §§ 2412.

## GENERAL ORDER No 61

## IMMIGRATION MANDAMUS CASES

In any civil action seeking a writ of mandamus regarding immigration benefits, filed pursuant to the mandamus statute, 28 USC § 1361, and/or the Administrative Procedure Act, 5 USC §§ 701 *et seq*, the court **ORDERS**, pursuant to Federal Rule of Civil Procedure 16, that the following shall apply:

1. Plaintiff shall identify each such action as an "IMMIGRATION MANDAMUS CASE" in the case caption on the first page of the complaint.

2. The clerk's office shall file in each such action a procedural order which specifies that (a) the defendant shall serve and file an answer within 60 days of receipt of service of the summons and complaint; (b) subject to sub-paragraph (c), the plaintiff may file a motion for summary judgment at any time permitted by the Federal Rules of Civil Procedure and this court's local rules, in which event defendant may respond as permitted by the Federal Rules of Civil Procedure and this court's local rules; (c) if the plaintiff has not filed a motion for summary judgment within 90 days of filing the complaint, the defendant shall be the party who shall first file a motion for summary judgment, and the defendant must serve and file that motion within 120 days of service of the complaint; (d) unless a motion pursuant to Federal Rule of Civil Procedure 56(f) is filed, the plaintiff shall serve and file any opposition and/or counter-motion within 30 days of service of defendant's motion; (e) defendant may serve and file a reply and/or opposition within 14 days of service of plaintiff's opposition or counter-motion; and (f) if plaintiff filed a counter-motion, plaintiff may serve and file a reply within 14 days of service of defendant's opposition.

3. For scheduling purposes, motions shall be noticed in accordance with Civil Local Rule 7-2. If a party wishes to have the court decide the matter on the briefs and without oral argument, a party may make that request pursuant to Civil Local Rule 7-1(b).

4. Unless the court orders otherwise, no case management conference will be held, and no ADR process is required.

5. Any party who wishes to have a case management conference, pursuant to Civil Local Rule 16-10, may request that the court set a case management conference, consistent with the time frame set forth in Civil Local Rule 16-2. The rules set forth under Federal Rule of Civil Procedure 26 and Civil Local Rules 16-9 and 16-10 shall apply.

6. The court on its own motion or on the joint request of the parties may waive any requirement of this order.

ADOPTED: June 17, 2008          FOR THE COURT:

                                Vaughn R Walker
                                United States District Chief Judge

Respectfully submitted,

Signature: _[signature]_    220 - 13th ST.
Vallejo, Ca 94590

Mamadou_ndom@yahoo.com

s/ Mamadou Ndom
Petitioner

*Pro Se*
**(In Proper Person)**

(707) 642 4811 - Home

(415) 581 3614 - Work

_August 01, 2008_
Date

- 16 -